UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROGER A. SHEPARD,

                              Plaintiff,

     v.                                                    **DECISION AND ORDER**
                                                                      06-CV-271S

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

      1.      Plaintiff Roger A. Shepard challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). He alleges that he has been disabled since July 30, 2002, due to degenerative disc disease, obesity, depression, anxiety, right carpal tunnel syndrome, loss of hearing, and limited reading skills. Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

      2.      Plaintiff filed an application for disability insurance benefits on July 16, 2003. After his application was denied, he requested a hearing before an ALJ. That hearing took place on March 21, 2005. The ALJ considered the case *de novo,* and on June 22, 2005, issued a written decision denying Plaintiff's application for benefits. On March 28, 2006, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision on April 25, 2006.[1]

---

[1] The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

3.  On December 19, 2006, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a similar motion seeking the same relief on January 19, 2007. After full briefing, this Court took the motions under advisement without oral argument. For the reasons that follow, Defendant's motion is granted and Plaintiff's is denied.

4.  A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.  "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.  The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.  In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (R. at 20);[2] (2) Plaintiff's obesity; shortness of breath with asthma and allergies; degenerative arthritis and disc disease of both the cervical and lumbar spine; right-ear hearing impairment; and reading disorder are "severe" impairments within the meaning of the Act (R. at 20); (3) Plaintiff's impairments do not meet or equal the criteria necessary for finding a disabling impairment under the regulations (R. at 21); (4) Plaintiff retained the residual functional capacity to perform a significant range of light work subject to limitations (R. at 21); and (5) Plaintiff is unable to perform his past relevant work, but given his age, education, work experience, and residual functional capacity, could perform other light-work jobs that are available in the national economy (R. at 21). Ultimately, the ALJ found that Plaintiff is not disabled within the meaning of the Act. (R. at 21.)

---

[2] Citations to the underlying administrative record are designated as "R."

10.     Plaintiff first argues that the ALJ improperly analyzed his depression and anxiety conditions. In particular, he argues that the ALJ should have found that these conditions are "severe," and that they negatively effect his residual functional capacity. This Court disagrees, and finds no error in the ALJ's decision.

11.     Plaintiff argues that the ALJ erred by not placing greater weight on the opinion of Plaintiff's treating psychiatrist, Dr. Mark Anthony Varallo. Although Dr. Varallo notes that he treats Plaintiff for depression and anxiety, nowhere in his records is there any indication that Plaintiff's mental impairments are "severe" in the sense that they limit or effect his ability to do basic work activities.

Plaintiff last saw Dr. Varallo just 2 months prior to his hearing before the ALJ. (R. at 239.) Dr. Varallo's notes from that visit indicate that Plaintiff reported feeling anxious, but stated that "I recognize it, don't like it but, I can tolerate it." (R. at 239.) Plaintiff reported that his mood was "not too bad," and he denied having an overt depressed mood. (R. at 239.) Dr. Varallo noted that Plaintiff had not been on antidepressants for 6 months and was "no longer on any psych medications." (R. at 239.) Plaintiff denied any audio or visual hallucinations or suicidal or homicidal ideations. (R. at 239.) The rest of Dr. Varallo's treatment notes from past sessions are generally consistent with this visit. (R. at 240-248.) There is no opinion from Dr. Varallo that Plaintiff's mental impairments prevent him from working or effect his ability to work.

The ALJ discussed Plaintiff's mental impairments and his history of mental health treatment. (R. at 13-15.) He also analyzed Plaintiff's mental impairments under the applicable Listing. (R. at 14-15.) Ultimately, the ALJ found that Plaintiff's mental impairments do not limit his ability to do basic work activities. This conclusion is consistent

with Dr. Varallo's treatment notes, and is further supported by the opinions of Dr. Hillary Tzetzo, Thomas Ryan, Ph.D. and Charles Pierson, Ph.D., none of whom found that Plaintiff's mental conditions prevent him from working or impact his ability to work.  (R. at 186-187, 188-190, 257-261.)  Consequently, this Court finds no reversible error in the ALJ's consideration of Dr. Varallo's opinion or Plaintiff's mental impairments.

11.    Plaintiff next argues that the ALJ erred by finding his credibility to be only "fair."  (R. at 18.)  Credibility determinations are generally reserved to the Commissioner, not the reviewing court.  Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar).  The ALJ's credibility determination must be supported by substantial evidence.  See Califano, 615 F.2d at 27

In this Court's view, the ALJ's decision contains an adequate discussion of why he found Plaintiff's testimony to be less than credible.  First, he found that Plaintiff's testimony concerning the extent of his depression was not totally credible given the fact that he stopped taking his medication.  (R. at 18.)  The ALJ made a similar finding relative to Plaintiff's reports of pain.  Plaintiff stated that his pain was a "9" on a scale where "10" is the worst pain possible.  The ALJ found that this was not totally credible because Plaintiff was not taking pain medication.  (R. at 18.)  Consequently, this Court finds that the ALJ sufficiently articulated his credibility finding, and that his finding is supported by substantial evidence in the record.

12. After carefully examining the administrative record, this Court finds that substantial evidence supports Defendant's final decision in this case. There is no reversible error in the Commissioner's overall weighing of the evidence or in his credibility determination, and substantial evidence supports his decision. Accordingly, Defendant's motion is granted, and Plaintiff's motion is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that Plaintiff's Cross-Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   September 21, 2007
         Buffalo, New York

                                              /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                           United States District Judge